# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARL LAWRENCE,<br><br>                    Petitioner,<br><br>      v.<br><br>ROBERT TRIMBLE, Warden,<br><br>                    Respondent. | Civil No.    12-2857 LAB (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE** |

      Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

### REQUEST TO PROCEED IN FORMA PAUPERIS

      Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ / /

/ / /

# FAILURE TO RAISE COGNIZABLE CLAIM

The Petition must be dismissed, however, because in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to state a cognizable claim on federal habeas. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. § 2254(a).

The Ninth Circuit has specifically held that the federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated. <u>Bailey v. Hill</u>, 599 F.3d 976, 980 (9th Cir. 2010). Here, Petitioner challenges only the amount of restitution imposed as a part of his sentence. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner does not allege that he is in custody in violation of the Constitution, nor does he challenge the duration of his confinement. He merely seeks to have the amount of restitution and fines imposed as part of his sentence, reduced. (<u>See</u> Pet. at 6-7.)

As such, Petitioner's claim is not cognizable under § 2254(a) because success on the claims might cause the restitution fine to be set aside but would not affect any restraint on his liberty. <u>See Bailey</u>, 599 F.3d at 980-81 (the "elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—[a petitioner's] liberty" as long as he has to serve the rest of his prison sentence in the same manner). Therefore,

///

1 | this Court lacks jurisdiction to consider Petitioner's challenge to the restitution order imposed
2 | by the state trial court and the Petition is dismissed.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma pauperis and **DISMISSES** this action without prejudice for failure to state a cognizable claim on federal habeas.

**IT IS SO ORDERED.**

DATED: December 13, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge